IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-cv-00975-MR

| | |
|---|---|
| JOHN S. ALDRIDGE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>LESLIE COOLEY DISMUKES, )<br>Secretary, North Carolina )<br>Department of Adult Correction, )<br>)<br>Respondent. )<br>_____ ) | MEMORANDUM OF<br>DECISION AND ORDER |

**THIS MATTER** is before the Court on initial review of the pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by John S. Aldridge, (herein "Petitioner") on December 8, 2025. [Doc. 1].

## I.  BACKGROUND

Petitioner is a prisoner of the State of North Carolina.[1]  The Petitioner pleaded guilty and was convicted April 18, 2017, in Mecklenburg County Superior Court on one count of Breaking and Entering, and one count of Larceny After Breaking and Entering. [Doc. 1 at 1].  Petitioner received an

---

[1]  See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0460610&searchOffenderId=0460610&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1(herein "NCDAC Database"); Fed. R. Evid. 201.

active term of imprisonment of 16 to 29 months for his Breaking and Entering conviction, and a like consecutive term of 16 to 29 months for his Larceny conviction. [Id.; NCDAC Database]. Petitioner's projected release date from imprisonment is October 24, 2029. [NCDAC Database].

After sustaining his state court convictions, the Petitioner filed no direct appeal. [Doc. 1 at 2]. As for any post-conviction proceedings, Petitioner filed a petition for writ of habeas corpus in the North Carolina Supreme Court on August 18, 2025, which was denied by that court the following day. [Id. at 2-3]; Aldridge v. Dismukes, No. 207P25-1 (N.C. Aug. 19, 2025). In his Petition for Writ of Habeas Corpus filed in this Court, Petitioner raises four constitutional claims, three sounding in ineffective assistance of counsel (Grounds One, Two, and Three) and one alleging prosecutorial misconduct (Ground Four). [Doc. 1 at pp. 5; 7-10].

The Petitioner previously filed a § 2254 petition in this Court challenging his same 2017 Mecklenburg County judgment in Case Number 3:25-cv-00719-MR. Upon initial review of that § 2254 petition, the Court found that Petitioner's filing was both time-barred and factually deficient and entered a Show Cause Order November 18, 2025. [Case No. 3:25-cv-00719-MR; Doc. 4 at pp. 2-5]. The Court's Show Cause Order permitted Petitioner thirty days to file an amended petition explaining why that action

2

should not be dismissed based upon either of the two identified deficiencies. [Case No. 3:25-cv-00719-MR; Id. at 5]. Rather than filing an amended petition as directed, the Petitioner instead filed his present-case pro se petition on December 8, 2025. [Doc. 1]. Petitioner never responded to the Court's Show Cause Order in Case Number 3:25-cv-00719-MR and the Court thereafter dismissed that action without prejudice due to Petitioner's failure to prosecute the same. [Case No. 3:25-cv-00719-MR; Doc. 5 at 2].

## II. DISCUSSION

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is entitled to no relief. Rule 4, 28 U.S.C.A. foll. § 2254. Like the petition filed in Case Number 3:25-cv-00719-MR, the petition filed herein is time-barred and factually deficient. Unlike the petition filed in Case Number 3:25-cv-00719-MR, the petition filed herein contains assertions by Petitioner to excuse its untimeliness. [Doc. 1 at pp. 13-14].

### 1. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody

pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner pleaded guilty to the B&E and Larceny offenses over eight (8) years ago. Since Petitioner filed no direct appeal, and since Petitioner has not asserted any grounds listed in § 2244(d)(1)(B) through § 2244(d)(1)(D), Petitioner's convictions became final at the expiration of the time for seeking direct review of his convictions. Thus, Petitioner's 365-day limitations period began to run on May 2, 2017, fourteen days after the entry of his state judgment on April 18, 2017. N.C. R. APP. 4(a). Nothing else appearing, the limitations period for Petitioner to commence this action

expired May 2, 2018. Petitioner explains, in response to Question 18 of his petition regarding how he has complied with the applicable AEDAP limitations period, that enforcing "the one-year statute of limitations would cause an injustice." As such, the Petitioner asserts equitable tolling should apply in this matter.

Equitable tolling of the statute of limitations for an untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). It is appropriate in those "rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The Petitioner cannot satisfy either requirement.

First, the statute of limitations expired seven years before Petitioner commenced this action, or his prior action. Nowhere does Petitioner explain, during that seven-year period, how he was diligently pursuing his rights to bring about this federal habeas action. On that basis alone the Petitioner is not entitled to equitable tolling. Second, Petitioner has described no

5

circumstance that stood in his way to prevent timely filing. All Petitioner can muster is an unsupported allegation that the "state court ruling was not just wrong, but unreasonably wrong." [Doc. 1 at 14]. Petitioner's barebone assertion, however, provides no factual or legal basis to excuse his untimely filing. See, e.g., United States v. Sosa, 354 F.3d 507, 512 (4th Cir. 2004) (ignorance of the law does not provide a basis for equitable tolling of statute of limitations under ADEA). The Petitioner is not entitled to equitable tolling.

## 2. Factual Deficiency

Aside from the petition's untimeliness, the Petitioner attempts to raise claims of ineffective assistance of counsel and prosecutorial misconduct in relation to his underlying state criminal proceeding. [Doc. 1 at 1-12]. The present § 2254 petition, like Petitioner's prior petition, is deficient as it fails to comply with Rule 2 of the Rules Governing Section 2254 Cases requiring habeas petitions to follow a specific format. The Petitioner has failed to specify, in any of the grounds for relief, detailed facts supporting each claim alleging instead only conclusions. For example, Petitioner alleges in Ground One: "Ineffective assistance of counsel, failure to investigate, failure to plea the best plea agreement. Counsel did not investigate proper sentencing points range, petitioner was sentenced on wrong level. Did not look into lesser offense or charges. Failed to get the best plea agreement available."

Grounds Two, Three, and Four are similarly devoid of any detail. As such, Petitioner has failed to discuss any facts that show how or why his claims of ineffective assistance of counsel and prosecutorial misconduct establish that viable constitutional violations occurred in the state proceeding. See Rule 2(c)(2), 28 U.S.C.A. foll. § 2254 (the petition must state the facts supporting each ground). The petition is thus subject to dismissal for its failure to allege any facts sufficient to state a claim.

## III. CONCLUSION

For the reasons stated herein, the § 2254 petition [Doc. 1] shall be dismissed with prejudice as untimely because the Petitioner fails to establish that he is entitled to equitable tolling of the statute of limitations. Further, the § 2254 petition [Doc. 1] shall be dismissed with prejudice for its failure to state any claims.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITH PREJUDICE**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court **DECLINES** to issue a certificate of appealability.

3. The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: March 2, 2026

Martin Reidinger
Chief United States District Judge